UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TRENDELL WALKER,

                         Plaintiff,                               **MEMORANDUM AND ORDER**

          v.                                                     24-CV-02944-SJB-ST

UNITED STATES OF AMERICA, et al.,

                        Defendants.
---------------------------------------------------------------x

**BULSARA, United States District Judge:**

      Pending before this Court is pro se Plaintiff Trendell Walker's ("Walker") Second Amended Complaint ("SAC"). Walker first commenced this action in February 2023 in the Eastern District of Virginia ("EDVA"). (Compl. dated Jan. 26, 2023, Dkt. No. 1 at 1). Walker then filed his First Amended Complaint in March 2023, (First Am. Compl. dated Mar. 20, 2023 ("FAC"), Dkt. No. 4 at 2), along with a motion to proceed *in forma pauperis* ("IFP"), (Req. to Proceed IFP dated Mar. 23, 2023, Dkt. No. 6 at 2). The EDVA granted Walker's IFP Motion, dismissed his First Amended Complaint for failure to state a claim, and directed him to file the SAC. (Order dated Nov. 14, 2024 ("Dismissal Order"), Dkt. No. 12 at 2, 4).[1] Walker filed his SAC on December 13, 2023. (Second Am. Compl. dated Dec. 2, 2023 ("Second Am. Compl."), Dkt No. 13 at 14). He also

---

[1] There, the court found that Walker's "Complaint and Amended Complaint are largely nonsensical. The legal theories under which [Walker] seeks relief are difficult to discern . . . [although Walker] has named more than twenty individuals as Defendants in this action, [] [Walker]'s pleadings do not clearly describe the actions or conduct of any of these individuals." (Dismissal Order at 2).

submitted a motion to amend the case caption that same day. (Motion to Am. the Case Caption dated Oct. 17, 2023 ("Mot. to Am."), Dkt. No. 29 at 1).

On April 17, 2024, the case was transferred to the Eastern District of New York. (Transfer Order, Dkt. No. 21).[2] Walker subsequently filed a motion to consolidate this case with others he had begun here. (Mot. to Consolidate dated Nov. 21, 2024 ("Mot. to Consolidate"), Dkt. No. 27). On January 10, 2025, the present case was reassigned to the undersigned.

Walker previously filed two other civil cases with the same claims based on the same facts: namely, that in his underlying criminal action, (No. 16-CR-0369), the United States, the Court, and various affiliated official personnel wrongfully subjected him to false arrest, false imprisonment, unlawful search and seizure, and other related civil rights violations. *Compare Walker v. United States*, Nos. 22-CV-3864 and 22-CV-7208, 2023 WL 5956525, at \*1–\*4 (E.D.N.Y. Sep. 13, 2023) [hereinafter *Walker Dismissal*], *reconsideration denied*, 2024 WL 2158030 (May 14, 2024), *and appeal dismissed*, No. 23-7172, 2024 WL 5480659 (2d Cir. Sep. 26, 2024) *with* (Second Am. Compl. ¶¶ 1–45). Those cases were originally filed in state court, and removed to the EDNY (together, the "2022 Cases"). (*See Walker v. United States*, No. 22-CV-3864 ("*Walker I*"), Not. of Removal dated June 30, 2022, Dkt. No. 1; *Walker v. United States*, No. 22-CV-7208 ("*Walker II*"),

---

[2] The court noted that "[a]lthough the exact nature of Plaintiff's claims remains less than clear, it is evident that those claims and the Defendants named in this action have no discernible connection to the Eastern District of Virginia. Instead, Plaintiff's factual allegations are centered on a pending criminal matter in the Eastern District of New York." (Transfer Order at 1).

2

Not. of Removal dated Nov. 28, 2022, Dkt. No. 1). The 2022 Cases were previously dismissed, with prejudice, by Judge Donnelly. *Walker Dismissal*, 2023 WL 5956525, at *4.

The only difference is that the SAC in this case was filed after the 2022 dismissal; but each Defendant in the present case was also party to one or both of the 2022 Cases, and the facts alleged in the SAC are the same as in the 2022 Cases. *Compare id.* at *1, *with* (Second Am. Compl. at 1). Indeed, the complaints from the 2022 Cases raised the same claims, and alleged the same facts, as the FAC in this case. *See supra* at 2; (*see generally* FAC). And, Walker also filed identical versions of the SAC on the docket in both of the 2022 Cases *after* those cases were dismissed. (*Walker I*, Second Am. Compl. dated Dec. 2, 2023, Dkt. No. 33 at 14; *Walker II*, Second Am. Compl. dated Dec. 2, 2023, Dkt. No. 26 at 14).

Notwithstanding the liberal construction owed to pro se pleadings, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the SAC is barred by both the rule against duplicative litigation and by claim preclusion. Claim preclusion applies when "1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action." *Mamot v. Cuomo*, No. 21-CV-6732, 2021 WL 5166365, at *2 (S.D.N.Y. Nov. 5, 2021) (citing *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)). Although claim preclusion is typically an affirmative defense

raised by a defendant, a district court may address the matter sua sponte. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993); *cf. Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming dismissal where collateral estoppel was plain from the record); *Tagger v. Strauss Grp. Israel*, No. 23-CV-6767, 2023 WL 5237966, at *3 (S.D.N.Y. Aug. 15, 2023) (dismissing pro se complaint, *inter alia*, because the claims could have been brought in the prior action).

The previous actions were adjudicated on the merits; the SAC involves the same plaintiff, Walker; and the same claims, or claims that could have been raised in the prior actions, are asserted. The identical "transaction"—the underlying criminal arrest and prosecution—is the foundation for both this action and the 2022 Cases. Because all the elements of claim preclusion have been met, and the 2022 Cases were dismissed with prejudice—for reasons including lack of jurisdiction over sovereign entities, expiration of the statute of limitations, failure to state a claim, and frivolity, *Walker Dismissal*, 2023 WL 5956525, at *2–*4—the Court dismisses this case with prejudice on claim preclusion grounds. *E.g.*, *Etheridge v. AlliedBarton Sec. Servs., LLC*, No. 12-CV-5057, 2013 WL 1235680, at *3 (S.D.N.Y. Mar. 28, 2013), *report and recommendation adopted*, 2013 WL 1832141 (May 1, 2013) (dismissing with prejudice because "there was a final adjudication of this claim on the merits in *Etheridge I*").

Separately, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Wang v. Ren*, No. 20-4216, 2023 WL 1977233 at *1 (2d Cir. Feb. 14, 2023) (quoting *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019)). "Like claim

4

preclusion, the rule against duplicative litigation applies not only where there is identity, but also where there is privity, between the parties in the first- and second-filed actions." *Id.* (citing *Sacerdote*, 939 F.3d at 506). This case is plainly duplicative of the 2022 Cases, since the same parties were present, or in privity with those in the present case, as in the 2022 Cases, and this case is based on the same facts. Because those actions were dismissed with prejudice, the Court also dismisses this case with prejudice on the alternative grounds that it is barred by the rule against duplicative litigation.

"The court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Mamot*, 2021 WL 5166365, at *1 (citing 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)). The claims asserted in the SAC, filed IFP, are therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), with prejudice and without leave to amend. Consequently, the Motion to Amend the Case Caption and the Motion to Consolidate are denied. The Clerk of Court is directed to enter judgment accordingly and close this case. The Clerk is also directed to mail a copy of this Memorandum and Order to Walker at his address of record in an envelope marked "Legal Mail" and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                SO ORDERED.

                                                */s/ Sanket J. Bulsara   August 29, 2025*

Date:  August 29, 2025          SANKET J. BULSARA
        Central Islip, New York     United States District Judge

6